## Temple v. Hurd

*Harry C. Fithian, Jr.,* for plaintiffs.
*Candor, Youngman & Gibson,* for defendant.

GREEVY, J., May 25, 1960.—This is an action in trespass wherein plaintiffs recovered an award before a board of arbitrators in the amount of $197.85, against defendant. The award was filed on April 16, 1960, and on May 5, 1960, the eighteenth day of the 20-day appeal period (Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71), defendant filed his appeal by paying the accrued costs, the arbitrators' fee and making his affidavit of no delay, but did not enter into the recognizance as required by section 27 of the act, 5 PS §71, supra, by the time specified in paragraph 4 of said section. The attorney for defendant gave as his reasons for being unable to file the recognizance within the time allotted, the fact that defendant was unavailable to sign such a recognizance and that another interested party lived in Philadelphia. The attorney for defendant did contact the attorney for plaintiffs to ask for an extension of time but it was refused on the ground that the latter did not have the right under law to do so.

The matter is now before us on plaintiffs' motion and rule to show cause why the appeal from the award of the board of arbitrators should not be stricken because the recognizance was not filed within the 20-day period and on defendants' motion and rule to show cause why the filing of the recognizance should not be allowed nunc pro tunc.

*Discussion*

Under the compulsory Arbitration Act a defendant to an action may take an appeal from an arbitrators' award by doing five things: (1) Filing an affidavit that the appeal is not for the purpose of delay, etc.; (2) pay all accrued costs; (3) enter a recognizance as set forth in section 30 of the act, supra, 5 PS §75; (4) repay to the county the fees of the arbitrators; (5) that all these things be done within 20 days after the docketing of the arbitrators' award.

There are lower court cases directly on point. In Elfenbein v. Schilberz, 17 D. & C. 2d 113 (1958), the appeal was stricken, and in Stanley Distributing Co. v. Fetterhoff, 69 Dauph. 60 (1956), and Dare v. Henderson, 16 D. & C. 2d 693 (1959), the appeals were allowed nunc pro tunc.

No prejudice will result to plaintiffs by the late filing of the bond and under the circumstances in this case to deny defendant the right to appeal and trial by jury would be an injustice to him. The defect is one of shadow, not substance; the requirement was enacted in 1836 when technical rules of pleadings were so precise that a misplaced comma was enough at times to throw a party out of court. Such a view has no part in our liberalized pleadings of today. However, we do not feel that an appeal nunc pro tunc should be allowed in every instance, but believe that each case should be decided on its own facts.

We make the following

*Decree*

And now, May 25, 1960, defendant's motion is granted and it is ordered, directed and decreed, that defendant's appeal be allowed nunc pro tunc if perfected by defendant filing recognizance within 10 days after receipt of notice of filing of this opinion and decree; otherwise plaintiffs' motion will be made absolute and the appeal will be stricken.